UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RICHARD CLOSSER,                )
                                )
        Plaintiff,               )
                                )
    v.                          )    No. 4:06-CV-1653-CEJ
                                )
MATT BLUNT,                     )
                                )
        Defendant.               )

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Richard Closser for leave to commence this action without payment of the required filing fee [Doc. #2]. See 28 U.S.C. § 1915(a). Also before the Court is Closser's motion for appointment of counsel [Doc. #4]. Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v.

Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, a civilly-committed resident of the Missouri Sexual Offender Treatment Center (MSOTC), seeks monetary relief in this 42 U.S.C. § 1983 action against defendant Matt Blunt, Governor of the State of Missouri. Plaintiff seeks damages for allegedly unlawful conditions of confinement.

**Discussion**

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff has failed to allege how the defendant is personally involved in or directly responsible for the allegedly unconstitutional conditions at the MSOTC. See Madewell

v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985). Moreover, it appears that plaintiff is attempting to hold the Governor vicariously liable for the actions of his subordinates - a theory of liability which does not apply to cases brought under 42 U.S.C. § 1983. See Glick v. Sargent, 696 F.2d 413, 414-15 (8th Cir. 1983)(respondeat superior not applicable in § 1983 cases).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

An appropriate order shall accompany this order and memorandum.

Dated this 2nd day of April, 2007.

_____
**UNITED STATES DISTRICT JUDGE**